UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 94-CR-10229-RGS

UNITED STATES OF AMERICA

v.

ALEJANDRO VEGA

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION
TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

March 8, 2012

STEARNS, D.J.

Defendant Alejandro Vega was convicted in March of 1995 of conspiracy to distribute crack cocaine, distribution of crack cocaine, and conspiracy to deal in firearms without a license. He was sentenced by the court to 360 months of imprisonment. He now asks that the court reduce his sentence based on an amendment to the United States Sentencing Guidelines (USSG Amendment) that took effect on November 1, 2011, and the limited authority granted by Congress to retroactively revise a sentence. *See* 18 U.S.C. § 3582(c)(2). The USSG Amendment lowered the base offense levels for cocaine base (crack) offenses. The government opposes Vega's motion, arguing that the amendment is inapplicable as Vega's guidelines range was calculated based on USSG § 4B1.1, not the amended USSG § 2D1.1. The court agrees.

## BACKGROUND

Because Vega was over age 18 when he committed the offenses leading to his current convictions, and at the time of his sentencing had the requisite prior convictions for crimes of violence and/or dealing in controlled substances (in Vega's case, possession with intent to distribute cocaine, carrying a dangerous weapon, and malicious destruction of property), Vega fell under the career offender provisions of USSG § 4B1.1. These automatically placed him in a criminal history category of VI, and at an offense level of 37. *See* Presentence Investigation Report (PSR) ¶¶ 54-55, 68-69. These yielded a guidelines range of 360 months to life in prison. Neither Vega nor the government filed objections to the PSR. *See* PSR at 23. The court sentenced Vega to 360 months' imprisonment, at the low end of the guidelines. Vega appealed his conviction, but did not challenge his designation as a career offender or his sentence. Vega's appeal was rejected by the First Circuit Court of Appeals. *See United States v. Vega*, 102 F.3d 1301 (1st Cir. 1996) (affirming the court's refusal to instruct the jury on an entrapment defense).

## DISCUSSION

Section 3582(c)(2) of Title 18 reads as follows.

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o),

upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has identified the circumstances in which an amendment to the guidelines may be applied retroactively. *See* USSG § 1B1.10.[1]

The United States Supreme Court mandates a two-step process in applying a

---

[1] The version of USSG § 1B1.10 applicable in this case is effective on November 1, 2011 (the date on which the retroactive amendment the defendant seeks to apply is effective), and provides, in relevant part:

(1) In General. – In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if – (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation. – Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

retroactive guideline amendment. *See Dillon v. United States*, 130 S. Ct. 2683, 2688 (2010). At step one, the district court is to follow the Commission's instructions in USSG § 1B1.10 in determining the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. The guideline instructs the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the amendment been in effect at the time of the initial sentencing. The court is to "substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." USSG § 1B1.10(b)(1). Consistent with the limited nature of § 3582(c)(2) proceedings, USSG § 1B1.10(b)(2) restricts the extent of the reduction authorized. The sentencing court as a rule may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" that results from the substitution. USSG § 1B1.10(b)(2)(A). At step two of the inquiry, the court is to consider any applicable § 3553(a) factors and then exercise its discretion in determining whether the reduction formally authorized by the application of step one is warranted in whole or in part under the circumstances. *Dillon*, 130 S. Ct. at 2691-2692.

While the amendment to USSG § 2D1.1 applicable to crack cocaine offenses is

4

retroactive, under 18 U.S.C. § 3582(c)(2), the sentencing court may reduce a defendant's sentence only when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See also Dillon*, 130 S. Ct. at 2691-2692 (a reduction is to be made under § 3582(c)(2) only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission"). The relevant Sentencing Commission policy statement observes that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B).

Under the version of USSG § 2D1.1 that was in effect at the time of Vega's sentencing, his base offense level would have been 36 – a level that in turn would be reduced to 31 under Amendment 750, part A. However, because Vega was classified as a career offender, *see* USSG § 4B1.1, his base offense level of 37 was unaffected by the Guideline Amendment. Thus, a reduction in sentence is not authorized. *See United States v. Curet,* 2012 WL 75392, at *12 (1st Cir. January 11, 2012) ("While the amendments to the guidelines are retroactive, they are of no help to [the defendant] because he is a career offender.").

5

ORDER

For the foregoing reasons, Vega's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE